IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kiril Zahariev, | ) C/A No.: 9:20-cv-01072-RMG-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MOTION FOR LEAVE TO CONDUCT** |
| Hartford Life and Accident Insurance Company, | ) **LIMITED DISCOVERY INTO THE** |
| | ) **NATURE, EXTENT AND AFFECT OF** |
| | ) **HARTFORD'S CONFLICT OF** |
| | ) **INTEREST** |
| Defendants. | ) |

Plaintiff Kiril Zahariev ("Zahariev"), an individual, hereby moves this Honorable Court for an order allowing him to conduct limited discovery into the nature, extent, and affect of Defendant Hartford Life and Accident Insurance Company's ("Hartford") conflict of interest. This motion is made and based on the papers and pleadings on file herein, and on the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action involves an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Specifically, this action involves a claim by Zahariev for employee benefits under a Long Term Disability Plan ("LTD Plan'), and Defendant Hartford's wrongful decision to terminate Zahariev's LTD benefits based, in large part, on a conflict interest, as Hartford is the insurer and administrator of the LTD Plan.
Zahariev is allowed limited discovery into the nature, extent, and affect of Hartford's conflict of interest as such discovery is allowed in ERISA disability cases following the United States Supreme Court's decision in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008) (hereinafter "*Glenn*"). In *Glenn* the Court found that a conflict of interest exists where an entity "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Id.* at 108. The Court held, "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits," and that "the significance of the factor will depend upon the circumstances of the particular case." *Id.* Offering examples of when the conflict might be more or less important, the Court wrote:

> The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize decision making irrespective of whom the inaccuracy benefits.

*Id.* at 117 (internal citations omitted). Thus, the Supreme Court held a decision-maker's conflict of interest is relevant to the court's inquiries, and must be considered.

To determine how much weight the conflict should have as a "factor," district courts must allow discovery into the "circumstances" surrounding the claims decision. Zahariev hereby requests leave to propound fourteen (14) requests for production and four (4) interrogatories on Hartford such that the district court may consider Hartford's structural conflict of interest and what weight to give to that conflict.

II. BRIEF STATEMENT OF PERTINENT FACTS

Zahariev was an employee of Best Buy Inc. (Plaintiff's Complaint, ("PC") at ¶4; Hartford's Answer to Complaint at ¶4).[1] As a result of his employment, Zahariev was enrolled in a LTD Plan issued by Hartford(PC and Answer at¶5). The LTD Plan is an employee welfare benefit plan regulated by ERISA. The LTD Plan designates and names Hartford as the claims fiduciary for benefits provided under the Policy. Hartford administers the LTD Plan. Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the LTD Plan.
Hartford evaluates claims under the LTD Plan and determines if benefits are payable. Hartford also pays the benefits under the LTD Plan.

In January 2016, Zahariev ceased working as an Inventory Specialist for Best Buy Inc. due to complications of Ankylosing Spondylitis, Aortic Valve Regurgitation and Reiter's Syndrome. Hartford determined Zahariev's occupation was heavy duty. Hartford determined Plaintiff's gross monthly benefit was 1172.15. On July 14, 2016 Hartford approved Zahariev for LTD Own Occupation benefits (PC at ¶11, Answer at ¶11).
Hartford found Zahariev's condition, limitations and restrictions prevented him from performing the material duties of his own heavy duty occupation. Every month Hartford paid Zahariev. On June 1, 2018 Hartford terminated Zahariev's benefits. Hartford's decision to terminate Zahariev's benefits emphasized medical reports that favored its termination of benefits and de-emphasized others that favored continuing Zahariev's benefits.
On or around June 18, 2018 Plaintiff appealed the adverse decision(PC and Answer at ¶14). The decision remained unchanged and on July 18, 2018 Hartford issued a second termination letter. Same individual who issued the initial adverse decision made the determination.
On July 19, 2018 Zahariev resubmitted his appeal; following a comprehensive review, Hartford overturned the denial on September 17, 2018(PC and Answer at ¶15).
In April and May 2019, Hartford engaged the services of an outside vendor, Claims Bureau USA, to perform surveillance on Zahariev. Although the surveillance did not reveal any discrepancies between doctor's restriction and limitations imposed on Plaintiff and the observed activity, Hartford nevertheless proceeded with obtaining three(3) Peer Reviews on Plaintiff's medical records in an effort to find justification for terminating his benefits.

---

[1] The citations to Hartford's Answer denote where Hartford admitted the allegation.

Meanwhile, Plaintiff had a spontaneous Achilles Tendon Rupture and underwent surgery on August 14, 2019 at MUSC, Charleston.

The first Peer Reviewer, Dr. Bartov, recused herself on the day of Plaintiff's surgery. Hartford then obtained Peer Reviews from Dr. Schiopu(for a second time) and Dr. Liebermann. Dr. Liebermann never examined Plaintiff or spoke to his treating providers. Based solely on his paper review and ignoring the recovery protocol and opinion of Zahariev'surgeon, Hartford terminated Zahariev's benefits for a third time on October 31, 2019.

On December 10, 2019 Zahariev appealed the termination of benefits. By letter dated February 28, 2020 Hartford denied Plaintiff's appeal (PC and Answer at ¶18).

### III.      LEGAL ARGUMENT

#### A.      LEGAL STANDARD

Generally, litigants in a civil action may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense..." Fed. R. Civ. P. 26(b)(1). Discovery under ERISA, however, was historically different from that of normal litigation, as evidence supporting a claim or its denial was limited to the administrative record. *Jebian v. Hewlett-Packard Co. Emple Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir 2003). That limitation on discovery changed with the United States Supreme Court's decision in *Glenn.*

The Court in Glenn held District Courts should consider structural conflicts of interest when delving into the determination of whether the employee benefit plan administrator has abused its discretion in denying benefits. A conflict of interest exists when a plan administrator "both determines whether an employee is eligible for benefits and pays the benefits out of its own pocket." *Glenn at 108.* In such a circumstance, "every dollar provided in benefits is a dollar spent...; and every dollar saved...is a dollar in...pocket." Id. at 112 citing to *Bruch v. Firestone Tire & Rubber Co.,* 828 F.2d 134, 144 (3rd Cir. 1987). Therefore, the administrator of the plan has an "interest . . . conflicting with that of the beneficiaries." Id.

This bias and/or conflict of interest with that of the beneficiaries should be considered as a factor in the abuse of discretion determination.  Id. This "dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits..." Id. at 108. The Court went on to discuss a number of additional factors indicating bias and conflict, several of which included: (1) "emphasiz[ing] a certain medical report that favored a denial of benefits, [while] deemphasiz[ing] certain other reports that suggested a contrary conclusion," (2) "cases where an insurance administrator has a history of biased claims administration," and (3) the fact that MetLife encouraged Glenn to apply for Social Security Disability, as it was financially advantageous to Metlife, and then ignored and/or disregarded the agency's findings. Id. at 117-118.

Zahariev specifically alleges in his Answer to ERISA Specialized Case Management Order Interrogatories that Hartford has a conflict of interest and history of biased claims administration.

To determine how much weight the insurer's conflict was a "factor," District Courts in the Ninth Circuit for example, permit discovery "to reveal the nature and extent" of the structural

conflicts present in any given case. *Zedwu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626; 2010 U.S. Dist. LEXIS 17624 (N.D. California, 2010). Following the above detailed legal precedent, Zahariev requests leave to conduct limited discovery into the nature, extent, and affect of Hartford's conflict of interest.

### B. DISCOVERY INTO IN-HOUSE DOCUMENTS, CLAIM AND PROCEDURAL MANUALS, GUIDELINES, BULLETINS AND MEMORANDA DESCRIBING OR PERTAINING TO THE HANDLING OF DISABILITY CLAIMS IN GENERAL, AND DISABILITY CLAIMS INVOLVING ZAHARIEV'S MEDICAL ISSUES IS PERMITTED

Zahariev alleges Hartford has a history of biased claims administration. Zahariev respectfully requests the Court grant him leave to request documents related to Hartford's inherent structural conflicts of interest. Specifically, Zahariev requests leave to propound, pursuant to Fed.R.Civ.Pro. 34, the following requests for production of documents:

(1) From January 1, 2016 to the present, produce a complete copy of HARTFORD's claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of Long Term Disability claims.
(2) From January 1, 2016 to the present, produce a complete copy of HARTFORD's claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims involving Ankylosing Spondylitis, Reiter's Syndrome and Aortic Valve Regurgitation.

District Courts have permitted discovery into a variety of in-house documents that evidence the inherent structural conflict of interest present where the plan administrator evaluates claims, determines if benefits are payable and pays benefits. For instance, in *McCurdy v. Metro. Life Ins. Co.,* 2007 U.S. Dist. LEXIS 25197 (E.D. Cal. 2007) the district court permitted discovery into claims and procedure manuals. Similar to the termination of Zahariev's LTD benefits in the present case, the plaintiff in *McCurdy* was denied LTD benefits. The *McCurdy* plaintiff sought discovery related to *Metlife's* inherent structural conflict of interest. The district court permitted the plaintiff to obtain discovery of "all in-house...documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving [plaintiff's particular medical issue.]" *Zedwu* supra. 264 F.R.D. at 627 quoting *McCurdy* at *9; see also *Santos v. Quebecor World Long Term Disability Plan,* 254 F.R.D 643, 649 (E.D. Cal. 2009) (permitting discovery relating to the procedures used in determining plaintiff's LTD claim, including the criteria used in decision making).

### C. DISCOVERY INTO STATISTICAL DATA CONCERNING THIRD PARTY MEDICAL REVIEW AND EVALUATION COMPANIES IS PERMITTED

Zahariev respectfully requests the Court grant him leave to propound written discovery related to the inherent conflict of interest created by the third-party medical review and evaluation companies in this matter. In the present case, Hartford purchased third party medical review physicians, Dr. Schiopu, Dr. Kretzman, Dr. Liebermann, Dr. Chou and Dr. Rojvani. Based on this third party physician's determinations, Hartford terminated Zahariev's LTD benefits. In doing so, analogous to the insurer in *Glenn*, Hartford emphasized the purchased doctors report while de-emphasizing the opposite conclusions of Plaintiff's four treating physicians.  Accordingly, Zahariev respectfully requests leave to propound, pursuant to Fed.R.Civ.Pro. 34, the following request for productions:

(3) From January 1, 2016 to the present, produce all statistical data concerning the number of Long Term Disability claims reviewed, accepted, rejected, granted or denied after a review by Dr. Schiopu, Dr. Liebermann, Dr. Kretzman and Dr. Chou.

(4) From January 1, 2016 to the present, produce all statistical data concerning the number of Long Term Disability claims reviewed, accepted, rejected, granted or denied after a review any other doctor purchased by HARTFORD through Medical Consultants Network(MCN) or Exam Coordinators Network(ECN).

Zahariev also respectfully requests leave to propound, pursuant to Fed.R.Civ.Pro. 33, the following interrogatories:

(1) With regard to claims reviewed by Dr. Schiopu for HARTFORD IDENTIFY the following:
a. the number of claims reviewed in the years 2016 2017, 2018 and 2019;
b. the number of claims in which Dr. Schiopu found the claimant totally disabled in 2016 2017, 2018 and 2019  **and**,

c. the number of claims in which HARTFORD found that the claimant was totally disabled after a review performed by Dr. Schiopu in 2016 2017, 2018 and 2019;
(2) With regard to claims reviewed by MCN and ECN  for HARTFORD IDENTIFY the following:
a. the number of claims reviewed in the years 2016 2017, 2018 and 2019.
b. the number of claims in which MCN and ECN found the claimant totally disabled in 2016 2017, 2018 and 2019  and
c. the number of claims in which HARTFORD found that the claimant was totally disabled after a review performed by MCN and ECN in 2016 2017, 2018 and 2019;

Ninth Circuit District Courts permit discovery into statistical data concerning third party medical review and evaluation companies, as such data reveals conflicts of interest affecting the claim evaluation process.  For instance, in *Zedwu*, 264 F.R.D. at 628, the district court permitted plaintiff, who was denied LTD benefits, to obtain written discovery on statistical data regarding the "number of disability claims reviewed, granted, and denied" by the third party review company.  See also *Walker v. Metro. Life Ins. Co.,* 585 F. Supp. 2d 1167, 1176 (N.D. Cal. 2008) (Permitting discovery on the number of claims insurer has accepted or granted and rejected or denied after a review by a physician retained through a third party medical review and evaluation company from 2005-2007).  In *Wilcox v. Metro. Life Ins. Co*., 2009 U.S. Dist. LEXIS 2977 *3, 2009 WL 57053 (D. Ariz. Jan. 8, 2009) the District Court

permitted discovery regarding the insurer's "general approval and termination rates for long-term disability claims, and separately, for long-terms disability claims involving [plaintiff's particular medical issue]." Hartford can properly respond to this discovery request by providing information in a statistical or summary format, without identifying claimants and their identifying information. *See Duran v. Cisco Sys.,* 258 F.R.D. 375, 382 (C.D. Cal. 2009)

### D. DISCOVERY INTO RELATIONSHIPS WITH THIRD PARTY MEDICAL REVIEW AND EVALUATION COMPANIES IS PERMITTED

Zahariev respectfully requests the Court grant him leave to propound written discovery related to the conflict of interest created by the close financial relationship between Hartford, MCN, ECN and Dr. Schiopu. Zahariev has alleged a number of factors evidencing the conflict of interest created by the close financial relationship between Hartford, MCN, ECN and Dr. Schiopu, including that (1) Hartford's business model is structured such that the claim handler assembles the claimant's medical records and then forwards the medical records to a paid medical consultant whose sole job is to minimize the claimant's condition ; (2) Hartford selects the same Physician Consultants again and again because these Physician Consultants place the interests of Hartford over the interests of the claimant ; and (3) Hartford hires Physician Consultants whose sole objective is to minimize the claimant's conditions with the ultimate goal to deny the claimant's claim for disability benefits or to find a basis to terminate benefits. Accordingly, Zahariev respectfully requests leave to propound, pursuant to Fed.R.Civ.Pro. 34, the following request for productions:

(5) From January 1, 2016 to the present, produce all documents, employment agreements, compensation agreements, invoices and amounts paid by HARTFORD to Dr. Schiopu.
(6) From January 1, 2016 to the present, produce all documents, employment agreements, compensation agreements, invoices and amounts paid by HARTFORD to MCN and ECN.
(7) For all times relevant to Zahariev's claim, produce all communications between HARTFORD and Dr. Schiopu, and MCN regarding the review of Zahariev's claim.
(8) For all times relevant to Zahariev's claim, produce all communications between HARTFORD and MCN and ECN regarding the review of Zahariev's claim.
(9) From January 1, 2016 to the present, produce any performance evaluations of Dr. Schiopu by HARTFORD.
(10) From January 1, 2016 to the present, produce any performance evaluations of MCN and ECN by HARTFORD.

Zahariev also respectfully requests leave to propound, pursuant to Fed.R.Civ.Pro. 33, the following interrogatories:

(3) With regard to Dr. Schiopu IDENTIFY the following:
a. how Dr. Schiopu is compensated for reviewing a claim file for HARTFORD;
b. the total amounts paid to Dr. Schiopu by HARTFORD in 2016, 2017, 2018 and 2019;

c. the percentage of total salary provided by HARTFORD; and,
d. the total amount paid to Dr. Schiopu by HARTFORD for reviewing
PLAINTIFF's claim.
(4) With regard to MCN and ECN IDENTIFY the following:
a. how MCN and ECN are compensated for reviewing a claim
file for HARTFORD;
b. the total amounts paid to MCN and ECN by HARTFORD
in 2016, 2017, 2018 and 2019;
c. the percentage of total salary provided by HARTFORD; and,
d. the total amount paid to MCN and ECN by HARTFORD for reviewing PLAINTIFF's
claim.

District Courts permit discovery into the close financial relationship between a plan administrator and a third party medical review and evaluation company as it is evidence of a conflict of interest. E.g. *Knopp v. Life Ins. Co. of North America,* 2009 U.S. Dist. LEXIS 120267, *9 (N.D. Cal, 2009) (finding discovery requests asking "for information about the medical consultants or companies hired to evaluate [Plaintiff's] disability claim, including their relationship with Defendants" are "closely related to the issue of conflict of interest."). In *Zewdu,* 264 F.R.D. at 628, the District Court found interrogatories seeking information about the compensation paid to the third-party medical review company and reviewing doctor permissible.  See also *Harper v. UNUM Life Ins. Co. of Am.,* 2007 U.S. Dist. LEXIS 47533, *13 (E.D. Cal. June 18, 2007) (holding "how much money [the medical personnel] receive from Defendant and what percentage of their total salaries is provided by Defendant, is relevant to the nature, extent and affect of the conflict of interest.").

District Courts permit discovery into the performance evaluations of the medical professionals involved in handling the plaintiff's claim. *Klein v. Northwestern Mut. Life Ins. Co.,* 806 F. Supp. 2d 1120, 1127-1128 (S.D. Cal. 2011); see also *Knopp, supra*. at*9-10 (finding discovery requests asking "for performance evaluations for the medical consultants or companies ... is closely related to the issue of conflict of interest" because "if the medical consultants or companies were rewarded by Defendants for providing opinions adverse to a claimant, that would significantly affect the credibility of their evaluations.").
District Courts also permit discovery into every communication between the insurer, the third party review company, and the doctors involved in reviewing the claim.  E.g. *Santos*, 254 F.R.D. at 650.

### E. DISCOVERY INTO RESERVES SET IS PERMITTED

Zahariev respectfully requests the Court grant him leave to request documents related to Hartford's setting of reserves in this case.  An insurer's practices and procedures relating to the setting of reserves can evidence an inherent conflict of interest, as such practices and proceduresdirectly influence the handling of claims. Accordingly, Zahariev respectfully requests leave to propound, pursuant to Fed.R.Civ.Pro. 34, the following request for production:

(11) For all times relevant to Zahariev's claim, produce all documents constituting, reflecting, or pertaining to the reserve set, or mandated for this claim.

In *McCurdy, supra.* at *11-12, the District Court concluded the amount of reserve "may shed light" on the conflict of interest and "the district court may consider such evidence in determining what weight to give to that conflict." The *McCurdy* Court ordered the Defendant to produce "all documents constituting, reflecting, or pertaining to the reserve set, or mandated for, this claim." Id. at *12; see also *Santos*, supra. at *14 (stating "to the extent Plaintiff is requesting information regarding claims reserves for Plaintiff's long term disability claim, she is entitled to such information.").

### E. LIMITED DISCOVERY INTO PERFORMANCE EVALUATIONS AND COMPENSATION IS PERMITTED

Zahariev respectfully requests the Court grant him leave to request documents related to performance evaluations and compensations programs of the employees who participated in the decision to terminate his benefits. Structural conflicts of interest create inherent dangers, especially where employees obtain incentives/compensation for denying claims. Accordingly, Zahariev respectfully requests leave to propound, pursuant to Fed.R.Civ.Pro. 34, the following requests for production:

(12)    From January 1, 2016 to the present, produce the performance evaluations and/or reviews for the HARTFORD employees involved in the evaluation of ZAHARIEV's claim, namely Juli Pena, Emily Fisher, Caitlin Cepress, Jeff Woodward, Darin Bishop, Wendy McCue and Michelle Earlington. (This request is not seeking social security, family or health information.)

(13)    From January 1, 2016 to the present, produce any documents demonstrating any incentive compensation payment program (e.g. bonuses, profit sharing plans, deferred compensation plans, employee stock compensation plans) applicable or available to any HARTFORD employee involved in the evaluation of ZAHARIEV's claim, namely Juli Pena, Emily Fisher, Caitlin Cepress, Jeff Woodward, Darin Bishop, Wendy McCue and Michelle Earlington.

(14)    From January 1, 2016 to the present, produce any documents demonstrating incentive compensation payment(s) (e.g. bonuses, profit sharing plans, deferred compensation plans, employee stock compensation plans) received by any HARTFORD employee involved in the evaluation of ZAHARIEV's claim, namely Juli Pena, Emily Fisher, Caitlin Cepress, Jeff Woodward, Darin Bishop, Wendy McCue and Michelle Earlington.

District Courts permit discovery into the specific circumstances surrounding the employment of individuals involved in making claim decisions. For instance, in *Sullivan v. Deutsche Bank Ams. Holding Corp.,* 2010 U.S. Dist. LEXIS 8414, *1 (S.D. Cal. 2010), the plaintiff, who was denied LTD benefits, sought employee performance evaluations. The district court permitted discovery into all "performance evaluations or performance reviews for each of [Unum's] employees [who were involved in the evaluation of Plaintiff's claim]..." In *Zewdu*, 264 F.R.D. at 629, the Court permitted requests for production seeking performance evaluations for the individuals involved in the handling of Plaintiff's claims and requests for productions into the procedures used to evaluate those employees. See also *Gessling v. Group Long Term Disability Plan,* 639 F.Supp.2d 947, 948 (S.D. Ind. 2009) (Ordering production of performance evaluations of each insurance company employee involved in the administration of the plaintiff's claim, for a five-year period surrounding the time during which plaintiff's claim was administered).

## IV. CONCLUSION

For the forgoing reasons, Zahariev respectfully requests this Honorable Court grant him leave to conduct limited discovery into the nature, extent and affect of Hartford's conflict of interest.

DATED: This 4th day of May, 2020

                                                Respectfully Submitted,

*Kiril Zahariev*
Kiril Zahariev
15 Norris Ave
Bluffton SC 29910
tel. 843-757-5840