## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Kiril Zahariev, ) | Civil Action No. 9:20-1072-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Hartford Life and Accident Insurance Co., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") that Plaintiff's motion to reopen the case be denied. (Dkt. No. 101.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Plaintiff's motion to reopen.

**I.   Background**

This was an ERISA action, 29 U.S.C. § 1001, *et seq.* in which Plaintiff sought to recover from Defendant for unpaid long-term disability benefits under a group policy issued and administered by Defendant. (Dkt. No. 1.) The parties were directed to complete mediation pursuant to the Case Management Order. (Dkt. No. 23.) On September 4, 2020, the Magistrate Judge granted the parties' request to appoint a mediator and appointed R. Nicholas Felix. (Dkt. No. 69.) On September 21, 2020, Plaintiff executed an Agreement to Mediate. (Dkt. No. 91-1.) On October 15, 2020, the parties mediated with Mr. Felix, which resulted in resolution of the claims, and Plaintiff executed a confidential Release. On October 16, 2020, the parties notified the Magistrate Judge that the claims had been settled in mediation and requested entry of a Rubin Order. (Dkt. No. 83.) On October 19, 2020, Plaintiff emailed the Magistrate Judge that he was "essentially coerced to accept a settlement amount below [his] bottom line" by the mediator. (Dkt. No. 84.) On October 22, 2020, the Magistrate Judge entered a Rubin Order, which dismissed

Plaintiff's claims without prejudice with leave for either party to reopen and restore the case within 60 days, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 85.) On October 24, 2020, Plaintiff negotiated Defendant's settlement check. (Dkt. No. 91 at 3.[1]) On October 28, 2020, the parties filed a joint Stipulation of Dismissal with prejudice, pursuant to Rule 41. (Dkt. No. 88.)

On February 5, 2021, Plaintiff filed the instant motion to reopen the case, pursuant to Rule 60(b)(1), (b)(2) and (b)(6). (Dkt. No. 90.)  Defendant has responded in opposition. (Dkt. No. 91.) The Magistrate Judge recommends that Plaintiff's motion be denied (Dkt. No. 101), to which Plaintiff objects (Dkt. No. 105).

## II.    Legal Standard

### A.    Review of R & R

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see*

---

[1] Defendant asserts in its response in opposition to Plaintiff's motion that Plaintiff negotiated the settlement check.  Plaintiff does not dispute this assertion.

*also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Relief Pursuant to Rule 60(b)**

Rule 60(b) provides six grounds on which a party may move to be relieved from a final judgment, order or proceeding, including in relevant part to Plaintiff's instant motion: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; . . . or (6) any reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Rule 60(c) provides that a "motion under Rule 60(b) must be made without a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the six itemized grounds of relief enumerated above." *Coomer v. Coomer*, 217 F.3d 383 (Table), 2000 WL 1005211, at *4 (4th Cir., July 20, 2000) (per curiam). "The four threshold showings are: (1) *timeliness* (i.e., the request for relief must be filed no later than one year after the date of the order from which the movant seeks relief); (2) *a meritorious defense* (i.e., the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims); (3) *a lack of unfair prejudice to the opposing party*; and (4) *exceptional circumstances*." *Id*. (citing *Dowell v. State Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "District courts must rigorously examine these four predicate requirements because we have characterized Rule 60(b) relief as 'extraordinary' and to be used only in 'exceptional circumstances.'" *Id*. (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). "In the unlikely event that the moving party can clear this onerous four-part threshold,

he must then satisfy one of the six enumerated factors set forth in Rule 60(b)." *Id.*; *see also Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

"Motions under Rule 60(b) are vested in the sound discretion of the trial court." *Coomer v. Coomer*, 217 F.3d 383 (Table), 2000 WL 1005211, at *4 (4th Cir., July 20, 2000) (per curiam). Therefore, denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984). *Nat'l Credit Union Admin. Bd.*, 1 F.3d at 265.

## III.    Discussion

The Court has conducted a *de novo* review of the record, in light of Plaintiff's objections to the R & R, and finds that the Magistrate Judge correctly applied the applicable law to determine that Plaintiff's motion to reopen should be denied for failing to satisfy the Rule 60(b) four threshold requirements.

As an initial matter, Plaintiff's motion seeks relief from the parties' Stipulation of Dismissal with prejudice under Rule 41; however, the substance of his argument is that the mediator coerced him into settling, which is tantamount to seeking to void the confidential Release. The "general rule in South Carolina is that when a party seeks to set aside a release, he must first return any consideration received by him for the release." *Hyman v. Ford Motor Co.*, 142 F. Supp. 2d 735, 747-48 (D.S.C. 2001); *see also State Farm Mut. Auto Ins. Co. v. Turner*, 399 S.E.2d 22, 23 (S.C. 1990) ("[I]t is well settled that one who seeks to avoid the effects of a release must first return or tender consideration paid thereof."). Here, Plaintiff does not dispute that he accepted Defendant's settlement, negotiated the check, and has retained the funds ever since.  Even if Plaintiff had returned the settlement funds, "the cases allowing for dismissal tend to involve a court's dismissal order in situations where one party refuses to comply with a settlement agreement and the *other* party seeks to reopen proceedings in the case." *Grant v. City of N. Charleston*, No.

2:08-cv-3257-CWH, 2010 WL 11651901, at *2 (D.S.C. July 13, 2010). But Plaintiff alleges misconduct by the mediator, not the other party.

Relatedly, the Magistrate Judge finds that Plaintiff fails to demonstrate "exceptional circumstances"—one of the four threshold requirements—that may warrant relief. "'Generally, only improper influence from one of the contracting parties to a settlement will be sufficient to set aside a settlement agreement on the basis of fraud, duress or coercion.'" *Clairborne v. City of Greenville, S.C.*, 2018 WL 11275376, at *3 (D.S.C. Mar. 2, 2018) (quoting *Clark v. Sch. Bd. of Bradford Cty., Fla.*, No. 3:09-cv-0901-J-34TEM, 2010 WL 4696063, at *4 (M.D. Fla. Oct. 13, 2010). At least one court in addition to *Clairborne* has considered whether a settlement agreement could be set aside where the mediator committed misconduct by improperly influencing and coercing a party to the agreement. *Vitakis-Valchine v. Valchine*, 793 So.2d 1094, 1098-99 (Fla. 4th DCA, 2001). In *Vitakis-Valchine*, the wife alleged that the mediator coerced her into settling by "(1) advising her that the court would never find in her favor, (2) threatening to report to the trial court that settlement failed because of her, and (3) exerting pressure to sign the agreement within five minutes." The court found that, "if true, [the allegations] would support a finding of misconduct on the part of the mediator" to set the settlement aside. *Id*. at 1097, 1099.

Here, Plaintiff alleged on October 19, 2020 that he "was under constant barrage from the mediator" who "essentially coerced [me] to accept a settlement under my bottom line," that he "attempted leaving the mediation room on three occasions and was not allowed to do so," and that the mediator "questioned my disability and made insinuations to my ability to understand spoken English." (Dkt. No. 84.) He now also argues that the mediator failed to describe the mediation process and his role, advocated on Defendant's behalf, coerced him to accept Defendant's discount rate instead of using the Moody's Seasoned Corporate Bond Yield proposed by Plaintiff, did not

require Defendant to compromise, and took a discriminatory approach against Plaintiff without knowing his medical history. (Dkt. No. 90 at 2-5.)

This alleged conduct fails to rise "to the level necessary to overwhelm and destroy Plaintiff's free will to the point that his signing of the Settlement Agreement lacked Plaintiff's volition." *Claiborne v. City of Greenville, S.C.*, No. 6:16-cv-2910-TMC-KFM, 2018 WL 11275376, at *4 (D.S.C. Mar. 2, 2018). "Under South Carolina law, duress has been defined as coercion that puts a person in such fear that he is 'bereft' of the quality of mind essential to the making of a contract and the contract was thereby obtained as a result of this state of mind." *Hyman*, 142 F. Supp. 2d at 744. Here, Plaintiff's assertion that he was prevented from leaving the mediation room is unsubstantiated. *See, e.g.*, *Claiborne*, 2018 WL 11275376, at *5 ("Plaintiff has failed to make such showings and his claim of coercion, bias, and duress is not substantiated by the record."). And, in any event, Plaintiff always retained the option to pursue his claims in litigation rather than to actually accept Defendant's settlement offer. *See, e.g.*, *Bekhor v. Josephthal Grp., Inc.*, No. 96-cv-4156-LMM, 2000 WL 1521198, at *3-4 (S.D.N.Y. Oct. 13, 2000) (despite "very hostile atmosphere during the negotiations," there was no duress where plaintiff "always had the alternative of refusing to settle . . . and pursuing his legal claims."); *Reid v. IBM Corp.*, 1997 WL 357969, at *7 (S.D.N.Y. June 26, 1997) (no duress where "Plaintiff could have rejected the Release and pursued his legal remedies"). "[R]elief from a settlement agreement and relief from an order of the court are extreme remedies to be granted by the court only upon a showing of exceptional circumstances." *Claiborne*, 2018 WL 11275376, at *5. Even assuming these allegations during the mediation were true, it is unclear why Plaintiff would choose to then allow the Rubin Order's 60-day deadline to pass without contesting the stipulation of dismissal with prejudice.

For these reasons, Plaintiff fails to demonstrate the "extraordinary circumstances" threshold requirement to his Rule 60(b) motion. As the Magistrate Judge comprehensively addressed, even if each of the threshold requirements were satisfied, Plaintiff has failed to demonstrate that Rules 60(b)(1), (b)(2) and (b)(6) are appropriate avenues for relief. The Court adopts the Magistrate Judge's recommendation to deny Plaintiff's motion to reopen.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 101) as the order of the Court. Plaintiff's motion to reopen (Dkt. No. 90) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 24, 2021
Charleston, South Carolina