# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Kiril Zahariev, ) | Civil Action No. 9:20-1072-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON PLAINTIFF'S** |
| ) | **OBJECTION TO R & R** |
| Hartford Life and Accident Insurance Co., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter comes before the Court on remand from the U.S. Court of Appeals for the Fourth Circuit. The Fourth Circuit held that this Court did not conduct a de novo review of the Magistrate Judge's report and recommendation (R & R) in light of Plaintiff's objection under Rule 60(b)(3) of the Federal Rules of Civil Procedure. (Dkt. No. 122.) The Court adopted the R & R (Dkt. No. 101) and denied Plaintiff's motion to reopen this action (Dkt. No. 106). Here, the Court supplements its Order and Opinion of March 24, 2021 to conduct a de novo review of the record in light of Plaintiff's Rule 60(b)(3) objection to the R & R. *See* 28 U.S.C. § 636(b)(1)(C).

## I.     Background

This was an ERISA action, 29 U.S.C. § 1001, *et seq.* in which Plaintiff sought to recover from Defendant for unpaid long-term disability benefits under a group policy issued and administered by Defendant. (Dkt. No. 1.) The parties were directed to complete mediation pursuant to the Case Management Order. (Dkt. No. 23.) On September 4, 2020, the Magistrate Judge granted the parties' request to appoint a mediator and appointed R. Nicholas Felix. (Dkt. No. 69.) On September 21, 2020, Plaintiff executed an Agreement to Mediate. (Dkt. No. 91-1.) On October 15, 2020, the parties mediated with Mr. Felix, which resulted in resolution of the claims, and Plaintiff executed a confidential Release. On October 16, 2020, the parties notified

the Magistrate Judge that the claims had been settled in mediation and requested entry of a Rubin Order. (Dkt. No. 83.) On October 19, 2020, Plaintiff emailed the Magistrate Judge that he was "essentially coerced to accept a settlement amount below [his] bottom line" by the mediator. (Dkt. No. 84.) On October 22, 2020, this Court entered a Rubin Order, which dismissed Plaintiff's claims without prejudice with leave for either party to reopen and restore the case within 60 days, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 85.) On October 24, 2020, Plaintiff negotiated Defendant's settlement check. (Dkt. No. 91 at 3.[1]) On October 28, 2020, the parties filed a joint Stipulation of Dismissal with prejudice, pursuant to Rule 41. (Dkt. No. 88.)

## I.     Legal Standard

Rule 60(b) provides for six grounds for relief including, in relevant part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the six itemized grounds of relief enumerated above." *Coomer v. Coomer*, 217 F.3d 383 (Table), 2000 WL 1005211, at *4 (4th Cir., July 20, 2000) (per curiam). "The four threshold showings are: (1) *timeliness* (i.e., the request for relief must be filed no later than one year after the date of the order from which the movant seeks

---

[1] Defendant asserted in its response in opposition to Plaintiff's motion that Plaintiff negotiated the settlement check. Plaintiff does not dispute this assertion.

relief); (2) *a meritorious defense* (i.e., the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims); (3) *a lack of unfair prejudice to the opposing party*; and (4) *exceptional circumstances*." *Id*. (citing *Dowell v. State Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (italics in original). "In the unlikely event that the moving party can clear this onerous four-part threshold, he must then satisfy one of the six enumerated factors set forth in Rule 60(b)." *Id.*; *see also Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

Relief under Rule 60(b) is "extraordinary" and should be used "only in exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). "Motions under Rule 60(b) are vested in the sound discretion of the trial court." *Coomer*, 2000 WL 1005211, at *4. Denial of a Rule 60(b) motion is reviewed for abuse of discretion. *See, e.g.*, *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984); *Nat'l Credit Union Admin. Bd.*, 1 F.3d at 265.

## II. Discussion

### A. Review of the Record Leading to Appeal

To conduct a de novo review of Plaintiff's Rule 60(b)(3) objection to the Magistrate Judge's finding, it is incumbent on the Court first to review Plaintiff's initial argument to reopen the action and the basis of the Magistrate Judge's recommendation to deny the motion.

On February 5, 2021, Plaintiff moved to reopen this case pursuant to Rule 60(b). Relevant to Rule 60(b)(3), Plaintiff argued fraud on the part of the mediator:

> Essentially, Mr. Felix conducted himself in a manner suitable for an adverse party and not for an impartial, court appointed mediator. His actions harmed the integrity of the judicial process. Fraud upon the court, as required to set aside a judgment under Rule 60(b)(3), has been defined as "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication." 7 J. Moore, W. Taggart J. Wicker, Moore's Federal Practice ¶ 60.33 at 515 (2d ed. 1990). . . . In this case,

> the Court can reasonably find that Felix had fraudulently induced the Plaintiff to enter into the settlement.

(Dkt. No. 90 at 4.)  Defendant responded in opposition. (Dkt. No. 91.)   In his reply brief, Plaintiff raised fraud on the part of Defendant:

> Here, Hartford's false responses to Plaintiff's Requests for Production and Answer to Interrogatories, made under penalty of perjury, entitle Zahariev to the remedies outlined in FRCP 60(b)(3), "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;["] . . . in addition to the mediator's misconduct alleged in Plaintiff's Motion to Reopen Case (ECF 90). . . .  Moreover, Zahariev has produced convincing evidence under subsection (3) and Hartford has not challenged the validity of Plaintiff's witness testimony ("Naumova Declaration").

(Dkt. No. 96 at 2.)

The Magistrate Judge recommended that Plaintiff's motion to reopen be denied.  First, the Magistrate Judge found that Plaintiff had not satisfied the four threshold requirements for relief under any Rule 60(b) provision because he (1) did not demonstrate that his motion to reopen was timely nor (2) that exceptional circumstances warranted relief. (Dkt. No. 101 at 5.)   As to the requisite timeliness, the Magistrate Judge determined that Plaintiff's motion was not made "within a reasonable time . . . after the entry of judgment" pursuant to Rule 60(c) because Plaintiff did not bring the motion within the sixty-day deadline of the Rubin Order that he jointly requested be issued after mediation. (Dkt. No. 101 at 5.)  Prior to that deadline, Plaintiff emailed the Magistrate Judge's chambers "to express my point of view with regard to the mediation conducted on October 15, 2020." (Dkt. No. 84.)  Relevant to any fraud by the Defendant, Plaintiff stated: "I had the privilege of meeting the Defendant's counsel Mr. Hawk, copied on this e-mail. He is an excellent attorney and a gentleman." (Dkt. No. 84.)  Relevant to any fraud by the mediator, Plaintiff stated:

> However, during the six and a half hours of mediation (uninterrupted), I was under constant barrage from the mediator, Mr. Felix, essentially coerced to accept a settlement under my bottom line.  Due to the confidentiality of the mediation process I can not diiscuss the details, however I attempted leaving the mediation

-4-

> room on three occasions and was not allowed to do so. The mediator questioned my disability and made insinuations to my ability to understand spoken English. The principle of "self determination" was non-existent. This case was predetermined to be settled. I don't believe these are the actions of a neutral mediator.

(Dkt. No. 84.) In her R & R, the Magistrate Judge noted that "[n]otwithstanding his email, however, Zahariev proceeded to negotiate the settlement check from Hartford five days later, on October 24, 2020." (Dkt. No. 101 at 5.) Four days later, a stipulation of dismissal with prejudice, signed by Plaintiff, was filed. 100 days after entry of the stipulation of dismissal with prejudice, Plaintiff moved to reopen the case and raised fraud by the mediator. And 117 days after entry of the stipulation of dismissal with prejudice, Plaintiff raised fraud by Hartford. The Magistrate Judge surveyed rulings from the Fourth Circuit and acknowledged that it had upheld denials of Rule 60(b) motions that were filed as little as two and a half months after entry of the judgment or order from which relief was sought, and that here Plaintiff waited over three and a half months after the conditional order of dismissal was entered and over three months after the stipulation of dismissal was entered. (Dkt. No. 101 at 6.) The Magistrate Judge then noted that Plaintiff "has not provided any explanation for his delay in filing the Motion" even though the "movant bears the burden to show timeliness and must offer a 'satisfactory explanation' for any delay. *Central Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 253 (4th Cir. 1974)." (Dkt. No. 101 at 6.)

As to the requisite exceptional circumstances, the Magistrate Judge observed that Plaintiff appeared to be seeking to void the release he signed in settlement of the case and vacate the stipulation of dismissal with prejudice bearing his signature and filed after he negotiated Defendant's settlement check. This relief would fall under Rule 60(b)(6)—relief for "any other reason that justifies relief"—which is "not for the purpose of relieving a party from free, calculated and deliberate choices he has made." *Gant v. City of N. Charleston*, No. 2:08-3257-CWH, 2010

-5-

WL 11651901, at *2 (D.S.C. July 13, 2010). (Dkt. No. 101 at 7-8.) The Magistrate Judge then analyzed whether Plaintiff could have been under legal duress by the mediator at the time he agreed to the release, which in South Carolina requires evidence of "coercion that puts a person in such fear that he is bereft of the quality of mind essential to the making of a contract[.]" *Claiborne v. City of Greenville, S.C.*, No. 6:16-2910-TMC-KFM, 2018 WL 11275376, at *3 (D.S.C. Mar. 2, 2018), *aff'd sub nom.* 746 F. App'x 213 (4th Cir. 2018). The Magistrate Judge found that the conduct of the mediator alleged by Plaintiff failed to raise to the level of inducing legal duress. (Dkt. No. 101 at 9.) For instance, it was undisputed that Plaintiff was informed of the local rules regarding mediation, of the role of the mediator, and of his option to seek independent counsel. (Dkt. Nos. 15, 91-1 at 6-7.) The Magistrate Judge further noted that Plaintiff could not plausibly argue that the mediator was biased to Defendant, since Plaintiff was not in the room when the mediator spoke with Defendant, and that any comments by the mediator to Plaintiff about the weakness of his case appeared to be acceptable instances of the mediator assessing the strength of each side's case. (Dkt. No. 101 at 10.)

Next, although Plaintiff failed to demonstrate the four requisite Rule 60(b) threshold requirements, the Magistrate Judge proceeded to address the merits of his Rule 60(b)(3) argument of fraud by both the mediator and Defendant:

> To the extent Zahariev premises the Motion on alleged fraud or other misconduct by the mediator, Rule 60(b)(3) is specifically limited to conduct by an "adverse party." Red. R. Civ. P. 60(b)(3); *Mitchell v. Rivera*, C/A No. 4:13-1949-TMC, 2015 WL 12867811, at *1 (D.S.C. Oct. 13, 2015), *aff'd*, 653 F. App'x 784 (4th Cir. 2016); *see also Sherman v. Verizon Va., Inc.*, 220 F.R.D. 260, 262-63 (E.D. Va. 2002), *aff'd in part, dismissed in part*, 55 F. App'x 136 (4th Cir. 2003) (holding that relief under Rule 60(b)(3) was unavailable to plaintiff claiming fraud or misconduct by her former attorney who was not an adverse party, and that the adverse party (i.e., opposing party in the litigation) "must be the author of any fraud, misrepresentation, or misconduct" relied on for Rule 60(b)(3) relief). Thus, Zahariev's allegations regarding the mediator do not support his claim for relief under Rule 60(b)(3).

> As to discovery responses by Hartford, Zahariev takes issue with "Hartford's supplemental responses to interrogatories and RFP's [that] were submitted to Plaintiff on October 14, 2020 at around 6:30 pm, the night before mandatory mediation on October 15, 2020." ECF No. 96 at 2. According to Zahariev, Hartford's original responses were false and it was "impossible for [him] to properly asses the newly discovered evidence in a timely manner, considering the issues involving the mediation process already expressed in Plaintiff's Motion to Reopen Case." *Id.* However, Zahariev ignores that a party has an ongoing duty to supplement or correct its disclosure or discovery response . . . [And] he had the information prior to mediation and has not shown how Hartford prevented him from presenting his case or otherwise representing himself at mediation. *See Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) ("A party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense.").

(Dkt. No. 101 at 15-16.) In addition to addressing the merits of Plaintiff's argument of fraud by Hartford, the Magistrate Judge noted in a footnote:

> Zahariev raises the argument of purported fraud by Hartford, as opposed to the mediator, for the first time in his Reply brief. It is improper to raise a new argument in a reply brief. *See, e.g.*, *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013; *Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. 2013). The Court's consideration of this new argument, however, does not prejudice Hartford, because the Court rejects the new argument.

(Dkt. No. 101 at n.10.)

**B.     De Novo Review on Remand of Plaintiff's Rule 60(b)(3) Objection of Discovery Fraud by Defendant**

The Fourth Circuit remanded this matter because it found "the district court did not address Zahariev's claim that he was entitled to relief under Fed. R. Civ. P. 60(b)(3) because of discovery fraud by the Defendant" and this Court "was obligated to review the magistrate judge's report de novo on this issue because Zahariev timely filed specific objections to the magistrate judge's proposed findings regarding this claim." (Dkt. No. 122 at 2.)

Plaintiff's objection to the R & R, relevant to Rule 60(b)(3) fraud by Defendant, was as follows: Plaintiff quoted the Magistrate Judge's footnote, then objected:

> However, this Court is required to liberally construe *pro se* complaints/motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). . . .  As an initial matter, Magistrate Judge's reading of ECF 96 at page 2 is incorrect. Zahariev specifically states there [in the Reply brief] that "Hartford continues to commit perjury in its Supplemental Responses to RFP's (Exhibit B), specifically with regard to RFP #10- "There are no written performance evaluations by Hartford." Id.  However, Zahariev had previously submitted evidence to the contrary (see e.g., Exhibit 1c p. 34, paragraph 4, attached to Plaintiff's Motion to Compel), according to which Hartford "shall review and measure Vendor's performance on a quarterly basis" and "If The Hartford determines that Vendor failed its Guarantee, Vendor shall pay The Hartford a sum equal to ten percent of total Vendor compensation for cases not meeting the TAT (Id.) (ECF 96 at 2.)
>
> In her Report and Recommendation, the Magistrate Judge states only that "According to Zahariev, Hartford's <u>original responses</u> were false and it was "impossible for [him] to properly assess the newly discovered evidence in a timely manner" (ECF 101 at 16) and that "he ignores that a party has an ongoing duty to supplement or correct its disclosure or discovery responses "in a timely manner" (Id.)  This is a misrepresentation of the facts.  Zahariev has clearly contended that not only Hartford had produced false answers in its original responses, but continues to purge itself in its supplementary disclosures. (ECF 96 at 2). *See also* Plaintiff's Motion for Sanctions for Discovery Fraud (ECF 99) from March 2, 2021.[2]  That motion is intertwined with Plaintiff's claim for relief under FRCP 60(b)(3).  Accordingly, it is apparently that Hartford intentionally delayed production of its supplementary disclosures (ECF 99 at 3, 4), lied in its supplemental responses to RFP #10 (Id. at 4), submitted an evasive and meaningless answer to Interrogatory 4a) (Id. at 6) and most importantly, lied that no responsive documents exist in its answer to Plaintiff's RFP #2 (Id. at 6.).[3]

---

[2] Plaintiff's "motion for sanctions for discovery fraud" was filed on March 2, 2021. (Dkt. No. 99.) Defendant responded in opposition. (Dkt. No. 100.)  On March 25, 2021, the Magistrate Judge denied the motion as moot because the case "was closed on October 28, 2020, pursuant to a Stipulation of Dismissal with prejudice (ECF No. 88), and the Court denied Plaintiff's motion to reopen the case (ECF No. 106)." (Dkt. No. 110.)  In the motion, Plaintiff quoted Defense counsel as saying it was serving Plaintiff with supplemental discovery responses, which Plaintiff then argued were "incomplete or incorrect."

[3] According to Plaintiff's mooted "motion for sanctions for discovery fraud," his RFP #2 demanded: "Produce a complete copy of all documents referenced and hyperlinked in HARTFORD'S GB Claims Excellence Manuals, References and job Aids."  Defendant answered that it has "no responsive documents."

Defendant responded in opposition, arguing that the case had been closed as a result of the October 15, 2020 Settlement Agreement, executed by the parties, Plaintiff's wife and the mediator; the

> Notably, Hartford did not supplement its original answer to RFP #2, although had the affirmative duty to do so-party has an ongoing duty to supplement or correct its disclosure or discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." There is no question that a complete copy of Hartford's "Claims Excellence Manuals" would have been vital to Plaintiff's presentation of his claim, see *Winfrey v. Hartford Life & Accident Ins. Co. Case No. 14-1034-EFM (D. Kan Oct. 3, 2014)*.

(Dkt. No. 105 at 9-10.)

Possible relief under Rule 60(b)(3) should be analyzed only if the movant first satisfies the four requisite threshold requirements. *See Al-Sabah v. Agbodjogbe*, No. 20-2375, 2021 WL 5176463, at *1 (4th Cir. Nov. 8, 2021) ("Once a party makes this threshold showing, it must demonstrate that it is entitled to relief under one of Rule 60(b)'s six subsections."); *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) ("Therefore, before a party may seek relief under Rule 60(b), a party must first show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."). Here, Plaintiff did not object to the Magistrate Judge's finding that he failed to demonstrate timeliness and exceptional circumstances. Nevertheless, the Court proceeds to conduct a de novo review of Plaintiff's Rule 60(b)(3) objection relating to fraud by the Defendant rather than by the mediator.

"To prevail on a Rule 60(b)(3) motion, the movant must (1) show that it has a meritorious claim or defense, (2) establish the alleged misconduct by clear and convincing evidence, and (3) demonstrate that the misconduct prevented it from fully presenting its case." *Al-Sabah*, 2021 WL 5176463, at *1. "After proof of these elements, the court must balance the competing policies

---

October 15, 2020 Conditional Release executed by Plaintiff and his wife; the mediator's October 19, 2022 notification of settlement to the Court via the Alternative Dispute Resolution Tracking Form; the October 22, 2020 Rubin Order; the October 24, 2020 settlement check from Defendant negotiated by Plaintiff; and the October 28, 2020 Stipulation of Dismissal with Prejudice filed jointly by Plaintiff and Defendant. (Dkt. No. 100.)

favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

In his objection, Plaintiff appears to argue that the Magistrate Judge incorrectly found no fraud by Defendant because Defendant failed to produce a copy of its Claims Excellence Manuals in response to RFP #2, and that this discovery would have been useful to Plaintiff's presentation of his claims at mediation. The Court notes that, according to Plaintiff's motion for sanctions, he appears to admit that he already had a copy of the Claims Excellence Manuals, but needed to supplement it with other documents that it hyperlinked.

Plaintiff does not append any record to his objection, so the Court instead reviews the record on Plaintiff's mooted motion for sanctions for discovery fraud to look for evidence of Defendant withholding its Claims Excellence Manuals or other responsive information. This record (Dkt. Nos. 99, 103) reflects:

On October 14, 2020, Plaintiff emailed Defense counsel saying he had received a supplemental production containing discovery that he already had in his possession, plus an "additional three pages at the end" of the Claims Excellence Manuals. A few minutes later, Defense counsel responded via email that he "will send supplemental responses in a few moments which will help to explain." (Dkt. No. 99-2 at 10-11.)

RFP #10 demanded: "From January 1, 2016 to the present produce any performance evaluations of MCN and ECN by HARTFORD." Defendant's original answer was: "No responsive documents." Defendant's supplemental answer was: The Original Answer is accurate. Plaintiff contends he has documentation to support his position that there are responsive documents to this production request. Hartford affirmatively states that when it contracts with vendors such as MCN and ECN, the contracts include a medical quality management program, including but not limited to self-audits by the vendor regarding the quality of reviews performed by independent medical reviewers retained by the vendor. There are no written performance evaluations of the vendors by Hartford." (Dkt. No. 99-3 at 5-6.)

RFP #2 demanded: "Produce a complete copy of all documents referenced and hyperlinked in HARTFORD'S GB Claims Excellence Manuals, References and job Aids." Defendant's answer was: "No responsive documents." (Dkt. No. 99-5 at 3.) The record does not contain any supplemental answer. In his subsequent motion for sanctions for fraud, Plaintiff argued that he

was already "in possession of 13 pages from Hartford's GB Claims Excellence Manuals, References and Job Aids, provided to him as part of his Administrative Record in March 2020 . . . . Due to the fact there were substantial differences between Plaintiff's copy of the Administrative record and Hartford's copy of the AR, upon Defendant's request, Plaintiff consecutively numbered the pages of his version of the Administrative Record, extracted the pages in dispute and forwarded them to Defendant's Counsel on July 10, 2020. . . . It is apparent that hyperlinked items do exist. . . . The scanned printouts of the claim manual direct the reader to a hyperlinked item called 'Claims Excellence.'" (Dkt. No. 99 at 6.)

A 13-page document titled "GB Claims Excellence," produced in discovery (it is unclear which party produced it). The document contains three sections: "Initial Claims Investigation," "Ongoing Claim Management," and "Surveillance and Restrictions Formerly Called Surveillance Standards of Conduct." The document contains references to what appear to be (as they are blue italic and underlined font) 5 hyperlinks to 3 other documents. Those apparent hyperlinks are: "Proof of Loss Termination – LTD Standard"; "Surveillance and Restrictions"; and Surveillance Operations HITS Documentation – SIU." (Dkt. No. 99-6.)

"[A] party's misconduct during discovery can constitute the basis for Rule 60(b)(3) relief in certain circumstances." *Al-Sabah*, 2021 WL 5176463, at *1; *see also Schultz*, 24 F.3d at 630-31; *Square Constr. Co. v. Wash Metro Area Transit Auth.*, 657 F.2d 68, 71-73 (4th Cir. 1981). Such circumstances include a party withholding responsive discovery in its possession despite the movant properly requesting it. *See Schultz*, 24 F.3d at 630-31; *Square Constr. Co.*, 657 F.2d at 71-73. But such circumstances do not include where the party admitted in its discovery responses that it did not possess the evidence requested. *See Al-Sabah*, 2021 WL 5176463, at *1.

A de novo review of this record reflects that Plaintiff had a copy of a Claims Excellence document; that Plaintiff demanded its hyperlinked documents; that Defendant answered it did not have responsive discovery; and that Plaintiff received a supplemental production. This record does not establish that Defendant produced the three hyperlinked documents. But the inquiry is whether Plaintiff established "clear and convincing evidence" of discovery misconduct. *Al-Sabah*, 2021 WL 5176463, at *1. He does not. Moreover, under "'Rule 60(b)(3), when the alleged misconduct is related to issues that are essentially irrelevant to the legal issues upon which the case turned, relief from the judgment is not warranted.'" *Tyler v. Williams*, 2020 WL 6156538, at *4 (D.S.C. Oct. 20, 2020) (denying Rule 60(b)(3) motion) (quoting *Rembrandt Vision Techs., L.P. v. Johnson*

-11-

*& Johnson Vision Care, Inc.*, 818 F.3d 1320, 1332 (Fed. Cir. 2016).  Here, it is unclear how Plaintiff could have differently presented his claim if he had the information in these three hyperlinked documents, which appear to relate to Defendant's internal surveillance guidelines and ongoing claims management guidelines such as those listed in the "Ongoing Claim Management" section of the document that Plaintiff already had.   Rather, the record reflects that Defendant responded to the discovery demands, supplemented its production, and engaged with Plaintiff to explain their responsiveness and completeness.

Nor does this record establish any misconduct that "prevented [Plaintiff] from fully presenting [his] case." *Id*.  Instead, Plaintiff engaged in mediation to the extent that he negotiated a resolution and executed the Settlement Agreement, executed the Conditional Release, requested a Rubin Order of dismissal without prejudice, negotiated Defendant's check, and filed a Stipulation of Dismissal with Prejudice. *See, e.g.*, *United States ex rel. Hartnett v. Physicians Choice Lab. Servs.*, 2021 WL 3072460, at *2, *4 (W.D.N.C. July 20, 2021) ("Smith's possibly imprudent but entirely voluntary decision to represent himself and agree to [settlement] is not grounds for the Court to relieve him of the Judgment under Rule 60(b)(3).  Smith has had a full and fair opportunity to defend himself and chose to settle the claims against him.  Therefore, Smith's Rule 60(b)(3) motion will be denied."); *LaKemper v. Solomon*, 2021 WL 199714, at *2 (W.D.N.C. Jan. 19, 2021) (denying Rule 60(b)(3) motion where "Plaintiff acknowledges that he received all of what he contracted for in the settlement agreement").  Moreover, even if Plaintiff had proven the requisite elements of a Rule 60(b)(3) ground for relief, the court must then balance the competing policies favoring the finality of judgment with justice being done in view of the facts. *See Schultz*, 24 F.3d at 630.  The Court cannot identify evidence that the settlement was "unfairly procured by the

adverse party." *Brown v. Truist Bank*, 2021 WL 96254, at *2 (W.D.N.C. Jan. 11, 2021) (citing *Schultz*, 24 F.3d at 631).

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection to the R & R asserting Rule 60(b)(3) grounds for relief on the basis of discovery fraud by Defendant.

**AND IT IS SO ORDERED.**


                                                    s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

February 18, 2022
Charleston, South Carolina

-13-