IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kiril Zahariev, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 9:20-1072-RMG |
| vs. ) | |
| ) | |
| Hartford Life and Accident Insurance ) | |
| Company, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion to recuse the undersigned on the basis that his "impartiality might reasonably be questioned." (Dkt. No. 129). Plaintiff points to prior rulings of the undersigned in this litigation to support his argument for recusal. (*Id*. at 9-13).

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This is an objective standard based on a "reasonable, well-informed observer who assesses all the facts and circumstances." *United States v. Temple*, 162 F. 3d 279, 286 (4th Cir. 1998). The basis of the disqualification must come from an "extrajudicial source," and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554-55 (1994). If a party is unhappy with a judge's rulings, his proper path is to file an appeal. *Id*. at 555. As the United States Supreme Court stated in *United States v. Gordon*, 61 F. 3d 263, 268 (1995), "litigants may not make the trial judge into an issue because they dislike the court's approach or because they disagree with the ultimate outcome of their case."

1

Plaintiff argues that disqualification is mandated because of the Court's treatment of a particular case in its order and its failure initially to address one of the many objections he raised to the Magistrate Judge's Report and Recommendation. (Dkt. No. 129 at 8-9). The Fourth Circuit recently vacated and remanded the Court's earlier order and directed that the Court address the Plaintiff's objection under Federal Rule of Civil Procedure 60(b)(3). *Zahariev v. Hartford Life & Accident Insurance Company*, 2022 WL 260057 (4th Cir. 2022). The Court promptly supplemented its earlier order addressing the Rule 60(b)(3) issue, and Plaintiff is free to challenge that ruling on appeal. Plaintiff points to no "extrajudicial source" of bias or any other basis for a § 455(a) disqualification. The motion to disqualify (Dkt. No. 129) is denied.[1]

     **AND IT IS SO ORDERED.**

                                          s/ Richard Mark Gergel
                                          Richard Mark Gergel
                                          United States District Judge

February 24, 2022
Charleston, South Carolina

---

[1] Plaintiff, acting *pro se*, also moved in the same motion to be allowed to file electronically on ECF. Since the Court has ruled on all issues in this litigation, the motion is denied as moot.